

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Maureen Moore, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Mrs. Moore:

Opinion No. 0-7418
Re: Whether an employer can deduct from current wages due his employees a debt due by the employee to the employer; and another question.

We have your letter of September 21, 1946. The facts you give as forming the basis of your request for an opinion are, substantially, as follows:

That in certain stores in Texas, some female employees known as "checkers" are frequently found to be short in amounts ranging from $1.00 to as much as $7.00 a week, according to calculations made by others, and the complaint of the girl checkers is that such shortages are really the miscalculations of those who operate the adding machines and not the fault of the girl checkers; that they do not see the tapes showing how such shortages are figured, therefore, they know nothing of such shortages until payday, when their pay-checks reveal such deductions from their weekly wage.

You then ask:

"Please advise if an employer can deduct from current wages due his employees a debt due by the employee to the employer; also where an employee checks up short at the end of the week, is the employer authorized to deduct the shortage out of his employee's pay without the consent and approval of the employee?"

The Texas Semi-Monthly Pay Day Law, as amended by the 43rd Legislature, p. 730, Ch. 217, reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

58

"Art. 5155. Pay Days. - Each manufacturing mercantile, mining, quarrying, railroad, street railway, canal, oil, steamboat, telegraph, telephone and express company, employing one or more persons, and each and every water company not operated by a municipal corporation, and each and every wharf company, and every other corporation engaged in any business within this state, or any person, firm or corporation engaged in or upon any public work for the State or for any county or any municipal corporation thereof, either as a contractor or a subcontractor, therewith, shall pay each of its employees the wages earned by him or her as often as semi-monthly, and pay to a day not more than sixteen (16) days prior to the day of payment."

In Corpus Juris, Vol. 39, p. 162, Sec. 221, it is said that:

"Forfeitures of, or deductions from, the wages agreed to be paid an employee may result from (1) an express provision therefor in a contract of hire; or may follow, independently thereof, (2) from a failure fully to perform the services to the end of the term agreed upon; or (3) from the negligence or misconduct of the employee in the course of his employment. _Except where authorized or justified in one of these ways, an employer cannot claim any deduction from or forfeiture of his employee's wages._" Frazer v. Gregg, 20 Ill. 299; VanSickle v. Ferguson, 122 Ind. 450, 23 N. E. 858; Neil v. Gilmore, 79 Pa. 421. (Emphasis added).

And, on page 163, in the same Volume of the same work, we find this expression as to assent based on knowledge of rules, etc., viz:

"Generally, the employee's assent may be inferred from his knowledge of a regulation providing for the forfeiture of wages under certain circumstances, and his continuance in the employment without objection thereto, (Harmon v. Salmon Falls Mfg. Co., 58 AmD (Me) 718; Preston v. American Linen, 119 Mass. 400; Dartmouth Ferry Comm. v. Marks, 34 Can.

Honorable Maureen Moore - Page 3

(SC) 366) but mere knowledge of such a rule does not conclusively, and as a matter of law, show such assent." Collins v. New England Iron Co., 115 Mass. 23; Hunt v. Otis Co., 4 Metcalf (Mass) 464; Bradley v. Salmon Falls Mfg. Co., 30 N. H. 487; Matthews v. Industrial Lumber Co., 91 S. C. 568, 75 S. E. 170. (Emphasis added).

In the Texas case of Levy v. Jarrett (Ct. of Civ. App., 1917,) 198 S. W. 333, it is shown that Jarrett was hired on a monthly salary basis, plus a commission on the gross sales. He quit after six months. In April, prior to July when he quit, Jarrett rented a building in Amarillo preparatory to going into business for himself. Levy pleaded disloyalty and unfaithfulness. The Court said: "It is not every act of disregard of and inattention to the duties of the employment that will forfeit the servant's right to compensation, though he may be discharged by reason thereof." Cotten v. Rand, 51 S. W., 843; Hahl v. Kellogg, 94 S. W. 389; Eidson v. Saxon, 30 S. W. 957. Continuing the Court said: "The following rule, stated by Mechem on 'Agency' is generally adopted by the authorities as correctly stating the law:

"If the agent was guilty of such misconduct as amounts to treachery, or if he wholly failed to recognize the duties and responsibilities imposed upon him by his situation, or so conduct himself that his services are of no value, it is entirely just and reasonable that he should receive no compensation whatever, and to this extent the law is well settled."

The Court held: "We think it clear that the acts charged appellee do not come within this rule." (Emphasis added).

In the case of Matthews v. Industrial Lumber Co., (Sup. Ct., South Carolina, 1912) 75 S. E. 171, it was shown that Matthews worked one day as a frame builder at 20¢ an hour, or a total of $2.10, for which payment after demand was refused because Matthews had failed to punch the time-clock, as required by the posted rules of the Lumber Company. There was no dispute that Matthews had not worked the number of hours required on that day to earn him the $2.10. There was no written contract between the parties.

<u>Honorable Maureen Moore - Page 4</u>

The Supreme Court, through Watts, J., held that, while parties can contract mutually with each other and be bound mutually by the terms of the contract, "there is no testimony in this case showing that there was any agreement between Matthews and the Lumber Company that a sum should be forfeited by Matthews if he should violate any of the Lumber Company's rules, even if those rules were reasonable."

The case of McCracken v. Hair, 2 Speers (SC) 256 is cited, wherein it was said that "Acts of an employee sufficient to justify a dismissal will not justify a refusal to pay less than the stipulated price for the work, where such acts produce no pecuniary loss to the employer, who did not discharge the employee although aware thereof."

J. Watts continues: "In this case (Matthews v. Industrial Lumber Company) <u>there is no testimony that the plaintiff has assented to the rules, even though he knew of them or his attention had been especially called to them</u>. He was not bound by any rules that he had not contracted to observe or that were not incident to or assumed by him in the general scope of his employment. . . ." (Emphasis added).

Other pertinent observations on this subject taken from Corpus Juris, Vol. 39, P. 163, are:

"The validity of provisions for deductions or forfeitures depends upon their reasonableness. If unreasonable or oppressive, they will not be enforced." Leemon v. Grand Crossing Co., 187, Ill. A. 247. "If reasonable and duly proportioned to the wages received, they will be." Lewis v. Warren R. Co., 97 S. W. (Tex) 104; Tennessee Mfg. Co. v. James, 18 S. W. (Tenn) 262; Harmon v. Salmon Mfg. Co., 58 AmD. (Me) 718; Gallagher v. Christopher St. R. Co., 13 NY St., 80, etc.

"A provision for forfeiture of all wages due to the employee on breach of his agreement, without regard to their amount, will not be enforced." Godt, v. Hennigsen, 135 NYS 666, in which it was held that where the contract provides for the retention of a certain amount each week from the wages of the employee to secure its due performance or a forfeiture of all weekly sums so retained in case of a breach, <u>the provision is regarded as a penalty and is not enforceable.</u>

Honorable Maureen Moore - Page 5

"Deductions from an employee's wages may be made to cover losses occasioned by his negligence or want of skill." Parker v. Platt, 74 Ill. 430; Taylor v. Patterson, 9 La. An., 251; Harper v. Ray, 27 Miss. 622; Maratta v. Meer D. G. Co., 177 S. W. (Mo) 718. "But not for losses due to causes over which the employee had no control." Isaac v. Garrettson Co., 191 N. W. (Wis) 55. "Nor can the master withhold an amount fixed arbitrarily and bearing no relation to the damage." Godt v. Hennigson, 135 NYS 666. "Nor is the master entitled to withhold wages because of unskillful performance where he employed the servant knowing his lack of skill." Peters v. Craig, 6 Dana (Ky) 307; "Nor may wages be withheld where the employer's rules authorize deductions to be made only from the wages of a certain class of employees, and the particular employee does not belong to that class." Georgia R. Co v. Goudy, 36 S. E. (Ga) 691.

That a valid contract may be entered into between the employer and the employee whereby such wage deduction may be made, we have no doubt; but in the absence of such contract or agreement or in the absence of the employee's consent or permission or failure of performance or negligence or misconduct, it is our opinion that such deduction may not be made by the employer from the wages or salary of the employee.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

John L. Wroe
Assistant

JLW:zd

